
EOD
01/31/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | Case No. 05-10551 |
| **GLEN GORDON GUILLET** § | | |
| xxx-xx-6636 § | | |
| **AND CHERYLE ANN GUILLET** § | | |
| xxx-xx-5942 § | | |
| P.O. Box 5667, Beaumont, Texas 77726 § | | |
| § | | |
| Debtors § | | Chapter 7 |
| | | |
| WILLIAM T. NEARY, § | | |
| UNITED STATES TRUSTEE, § | | |
| § | | |
| Plaintiff § | | |
| § | | |
| v. § | | Adversary No. 06-1029 |
| § | | |
| GLEN GORDON GUILLET AND § | | |
| CHERYLE ANN GUILLET § | | |
| § | | |
| Defendants § | | |

**MEMORANDUM ORDER SUSTAINING IN PART AND
OVERRULING IN PART PLAINTIFF'S OBJECTION TO THE
ADMISSIBILITY OF CERTAIN EXHIBITS OF DEFENDANTS
<u>FILED BY THE UNITED STATES TRUSTEE</u>**

On January 29, 2008, the Court heard and considered the "Objection to the Admissibility of Certain Exhibits" (the "Objection") filed by William T. Neary, United States Trustee, in the above-referenced case. The Objection was timely filed pursuant to the modified scheduling order entered in this adversary proceeding on September 19, 2007. The Court finds that the appropriate notice of the Objection and the resulting pre-trial admissibility hearing was given according to Federal and Local Rules of Bankruptcy

Procedure. Marc Salitore appeared on behalf of the Plaintiff, the United States Trustee ("Plaintiff"). Floyd Landrey appeared on behalf of the Defendants, Glen Gordon Guillet and Cheryle Ann Guillet (collectively the "Defendants").

In the Objection, the Plaintiff objects to the admissibility of approximately 616 of the Defendants' exhibits, all of which purport to be of foreign origin, primarily from Nigeria.[1] The Plaintiff first objects that these 616 exhibits cannot be properly authenticated as required by Fed. R. Evid. 901 and that they are not self-authenticating documents under Fed. R. Evid. 902. Secondarily, the Plaintiff objects to the admissibility of the Defendants' exhibits on the grounds that they contain or constitute hearsay as defined by Fed. R. Evid. 801, that they are thereby precluded from admission by Fed. R. Evid. 802, and that none of the exceptions to hearsay found in Fed. R. Evid. 803 or 804 apply.

## Standards

As the Federal Rules of Evidence require, to be admissible, physical evidence must be properly authenticated. Fed. R. Evid. 901(a). To properly authenticate a physical document, the proponent is required to submit "evidence sufficient to support a finding that the matter in question is what its proponent claims." *Id.* The burden of authentication is not a high standard. It does not require the proponent to rule out all possibilities of inconsistency or to provide proof beyond a reasonable doubt. *United*

---

[1] See list contained in the Objection, pp. 2-3 ¶ 3.

*States v. Holmquist*, 36 F.3d 154, 168 (1st Cir. 1994). To the contrary, the standard for authenticity "is one of reasonable likelihood." *Id.*

If the proponent of the evidence fails to provide the requisite proof of authenticity under Fed. R. Evid. 901, the evidence may still be admitted if it can be shown to be self-authenticating under Fed. R. Evid. 902. Self-authenticating documents do not require any extrinsic evidence to prove authentication. Fed. R. Evid. 902. Under Fed. R. Evid. 902(3), a foreign public document purporting to be executed by an official empowered to execute it meets the definition of a self-authenticating document "if it is accompanied by an appropriate certification of genuineness made by a diplomatic or consular official of the United States or the foreign country." *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999).

Even if an exhibit meets the authenticity requirements of Fed. R. Evid. 901 and/or 902, it may still be excluded under the hearsay rule. Whether a statement contained in an exhibit is hearsay depends on the purpose for which the proponent is offering the statement. If the proponent is offering the statement to prove the truth of the statement, then the proponent must prove that the statement is not hearsay and does not contain hearsay, or if the statement is hearsay, that it "fall[s] within a firmly rooted hearsay exception." *Ohio v. Roberts*, 448 U.S. 56, 66 (1980).

## Discussion

At the admissibility hearing, the Plaintiff examined one of the Defendants, Glen Gordon Guillet ("Dr. Guillet"), about his communications to, dealings with, and research regarding the authenticity of each of the various people and entities that allegedly authored the 616 exhibits. Dr. Guillet admitted that he had neither met nor seen any of the people named in the exhibits, and that he could not verify that the signatures on the documents are the purported authors' true signatures. Dr. Guillet stated that, other than reliance on the word of one of the purported authors, one Leonard Ibe, whom he has also never met, he has never conducted any individualized research to verify the legitimacy or existence of any of the approximately eighteen people, including Leonard Ibe, or entities from which the 616 documents purportedly came.

Samuel Baker, a Bankruptcy Analyst for the Office of the United States Trustee, also testified regarding his attempts to verify the existence of the purported persons and/or entities. Mr. Baker testified that, in the course of his research, he was unable to verify the existence and/or authenticity of the eighteen people and entities purportedly authoring the Defendants' 616 exhibits. Information received by Mr. Baker from the Nigerian Consulate indicated that the passport of Leonard Ibe was a forgery. Mr. Baker further failed to find any listing for Mr. Ibe in the internet attorney directory of the Nigerian Bar Association. Mr. Baker further discovered that each of the individual people who purportedly authored many of the Defendants' exhibits possessed names similar to, yet spelled differently than, real individuals holding legitimate titles and

positions with various Nigerian governmental entities. Furthermore, Mr. Baker found warnings posted on a number of Nigerian governmental websites that explicitly warned of money scams using the altered names of some of their officers. Because some of the challenged exhibits were purportedly receipts from Nigerian governmental entities and other government documents, Mr. Baker researched each of these entities. In each circumstance, he concluded that the entity either does not exist, an entity with a very similar name exists, or the named entity truly exists, but its purpose and proceedings would never involve it in any business or other dealings having to do with the Defendants' corporation.

In response, the Defendants admitted that they could not produce any evidence that would verify the authenticity of any of the people or entities that purportedly authored the 616 foreign documents. However, Defendants argued that they do not have to authenticate the veracity of or existence of the people or entities that authored the documents in order to introduce them because they are not seeking to admit the exhibits for the truth of the matter purported within each document, but rather seek the introduction of such documents solely for the limited purpose of demonstrating the effect of the receipt of such documents on the actions of the Defendants.

The Court finds that the Plaintiff's objections must be sustained to the extent that the documents represent or purport to establish that Defendants were actually dealing with representatives of or entities associated with the Nigerian government, the Central Bank of Nigeria, or that Leonard Ibe is a duly licensed attorney/barrister in that country.

The Defendants failed to present any basis upon which the Court could recognize the legitimacy of the persons or organizations referenced in the approximately 616 documents. Furthermore, because the Defendants failed to obtain certificates of genuineness from a diplomatic or consular official of the United States or Nigeria, none of the documents are self-authenticating documents. The Defendants, therefore, to the extent they sought to do so, failed to meet their burden to prove the authenticity of any of the sources, authors or the content of any of the documents. Thus, at trial there will be no documentary basis for, nor will the Court make any inference to support, any fact establishing that negotiations ever took place with authorized officials or entities from Nigeria or from Europe, nor that a Nigerian lawyer named Leonard Ibe actually exists and actually engaged in activities in support of the Defendants' business interests.

However, the upcoming trial relates to whether the Defendants should be denied a discharge in this Chapter 7 bankruptcy case. As such, the mental state with which the Defendants took certain actions is especially germane. Addressed more directly, a key issue in this case will be the evaluation and determination of whether the Defendants are "victims" of a "Nigerian money scam" or the willing perpetrators of it.

Because the Defendants' intent shall play such an important role in the issues to be determined and because the Defendants wish to present these documents to refute the Plaintiff's allegations that they were willfully removing funds from the country in derogation of the rights of their creditors, the Court finds that the documents are authenticated for this limited purpose–demonstrating that these specific documents were

the documents that generated or prompted the Defendants to take certain actions of which the Plaintiff complains. *See, e.g., Research Sys. Corp. v. IPSOS Publicite*, 276 F.3d 914, 923 (7th Cir. 2002) (finding no error in authenticating a document for the limited purpose of showing that the document was in the proponent's possession and that he relied on the document but also finding the document not authentic as to its source or the truth of the statements therein). Further, because these documents are not being accepted into evidence for the truth of the matters contained therein but rather for the effect such documents had upon the Defendants' mindset and behavior, the Plaintiff's objections on the grounds of hearsay must also be overruled

This differentiation reaches a fair result. Sustaining the Plaintiff's objection to the authentication of the foreign documents in regard to their "legitimacy" eliminates any concern the Plaintiff may have that an inference could be drawn from the evidence that the Defendants were actually involved in business dealings involving actual Nigerian governmental entities, the Central Bank of Nigeria, European supervisory organizations, or actual Nigerian nationals. That defense is precluded because of the Defendants' inability to authenticate the sources of the documents and their contents. However, allowing the introduction of these documents for the limited purpose stated, i.e., the motivation behind the Defendants' actions, permits the Defendants a full opportunity to present a defense against allegations that their behavior was equivalent to the degree of intentional or reckless behavior for which the Bankruptcy Code denies a discharge to individual debtors.

Accordingly, upon due consideration of the objections, the evidence presented, the relevant legal authorities and the argument of counsel as presented at the admissibility hearing conducted on January 29, 2008, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that Plaintiff's objections to the admissibility of certain of the Defendants' exhibits are hereby **SUSTAINED IN PART AND OVERRULED IN PART** such that the referenced 616 exhibits offered by the Defendants, Glen Gordon Guillet and Cheryle Ann Guillet, are hereby admitted into evidence solely for the limited purpose of demonstrating the existence of (but not the authenticity of) such documents and the effect which such documents had upon the legitimacy of the actions and/or omissions of the Defendants and the mental state of the Defendants associated with such actions and/or omissions.

**IT IS FURTHER ORDERED** that all other evidentiary objections shall be determined during the trial of this matter.

Signed on 1/31/2008

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE